1 | **LOCKE LORD BISSELL & LIDDELL** LLP
C. Guerry Collins (117197)
gcollins@lockelord.com
William S. Davis (60939)
wdavis@lockelord.com
Conrad V. Sison (217197)
csison@lockelord.com
300 South Grand Avenue, Suite 800
Los Angeles, CA  90071
Telephone:  213-485-1500
Fax:  213-485-1200

Attorneys for Defendant
California Insurance Guarantee Association

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV 08 3124 VRW |
| Plaintiff, | [Hon. Vaughn R. Walker, Courtroom 6] |
| vs. | **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (F.R.C.P. 12(b)(1)) AND IMPROPER VENUE (F.R.C.P. 12(b)(3), (28 U.S.C § 1406(a)); OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 U.S.C § 1404(a)); MOTION FOR A MORE DEFINITE STATEMENT (F.R.C.P. 12(e)(6)** |
| CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, | |
| Defendant. | |
| | Date:      December 18, 2008 |
| | Time:      2:30 p.m. |
| | Place:     Courtroom 6 |

/ / /

/ / /

/ / /

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA  90071-3119

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 18, 2008, at 2:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Vaughn R. Walker, United States District Court Judge, in Courtroom 6 of the United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102-3483, Defendant California Insurance Guarantee Association ("CIGA") will and does move this Court:

(1)  pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing this action on the ground that this Court lacks subject matter jurisdiction;

(2)  pursuant to Federal Rule of Civil Procedure 12(b)(3) for an order dismissing this action, or transferring this action pursuant to 28 U.S.C. section 1406(a); or, in the alternative, to transfer to the Central District of California for the convenience of parties and witnesses under 28 U.S.C. section 1404(a); and

(3)  pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement, to require Plaintiff to eliminate the "John Doe" allegations and identify the "John Doe" by name.  The "John Doe" is Michael Margis, who has already publicly made his claim known by way of filing a workers' compensation action in *Michael Margis v. State of California Workers' Compensation Appeals Board*, Case Nos. RIV 0062230 and RIV 0063619.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and the Declarations of Richard Hurd and Richard E. Guilford and Exhibits filed and served herewith, and upon the papers, records, pleadings, any matter which may be judicially noticed, and such oral argument as may be presented at the time of the hearing.

Dated: August 28, 2008

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By:    /S/ CONRAD V. SISON
C. Guerry Collins
William S. Davis
Conrad V. Sison
Attorneys for Defendant
California Insurance Guarantee Association

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

# TABLE OF CONTENTS

Page No.

I.     INTRODUCTION. ...................................................................................................1

II.    RELEVANT FACTS AND ALLEGATIONS ........................................................1

III.   THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO
       REVIEW A FINAL ORDER BY THE WCAB, WHICH IS RES JUDICATA. .....................5

       1.    The District Court Lacks Jurisdiction To Review An Order Already Made
             Final By The WCAB. ..................................................................................5

       2.    The Final Order By The WCAB Is Res Judicata. .........................................8

IV.    VENUE IN THE NORTHERN DISTRICT OF CALIFORNIA IS IMPROPER. .................10

       1.    This Case Should Be Dismissed Or Transferred Pursuant To 28 U.S.C.
             Section 1406...............................................................................................10

       2.    In The Alternative, This Case Should Be Transferred Pursuant To 28 U.S.C.
             Section 1404 For The Convenience Of The Parties And Witnesses. ..........................12

V.     PLAINTIFF SHOULD ALLEGE A MORE DEFINITE STATEMENT IN THE
       COMPLAINT TO IDENTIFY THE "JOHN DOE" WHOSE IDENTITY IS
       ALREADY PUBLICLY KNOWN.......................................................................................14

VI.    CONCLUSION.............................................................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

1

## <u>TABLE OF AUTHORITIES</u>

<u>Page No.</u>

2

3

## <u>FEDERAL CASES</u>

4

*Allen v. McCurry*
      449 U.S. 90, 96, 101 (1980)...................................................................... 8

5

6

*Carolina Casualty Co. v. Data Broadcasting Corp.*
      158 F.Supp.2d 1044 (N.D. Cal. 2001) ..................................................... 11

7

8

*Danko v. Director, Office of Workers' Compensation Programs, et al.*
      846 F.2d 366, 369 (6th Circuit 1988) ....................................................... 7

9

*Decker Coal Co. v. Commonwealth Edison Co.*
      805 F.2d 834, 841-42 (9th Cir. 1986) ..................................................... 10

10

11

*Dial v. Hartford Accident and Indemnity Co.*
      863 F.2d 15, 16 (5th Circuit 1989) ........................................................... 6

12

13

*Duke Energy Trading and Marketing, L.L.C. v. Davis*
      267 F.3d 1042, 1048 n.3 (9th Cir. 2001) .................................................. 9

14

15

*E.I. Dupont De Nemours & Co., Inc. v. Cullen*
      791 F.2d 5, 7 (1st Cir. 1986)...................................................................... 9

16

*Five Platters, Inc. v. Robi*
      838 F.2d 318, 321-322 (9th Cir. 1988) ..................................................... 8

17

18

*Forcillo v. LeMond Fitness, Inc.*
      220 F.R.D. 550, 553 (S.D. Ill. 2004) ...................................................... 13

19

20

*Ford, Inc. v. Ford Motor Co.*
      399 F.Supp. 277, 284 (D.C. Wis. 1975) ................................................. 14

21

22

*Gulf Oil Corp. v. Gilbert*
      330 U.S. 501, 508 (1947)......................................................................... 12

23

*Intel Corp. v. Advanced Micro Devices, Inc.*
      2 F.3d 908, 914-15 (9th Cir. 1993) ........................................................... 8

24

25

*King v. Russell*
      963 F.2d 1301, 1304 (9th Cir. 1992) ...................................................... 12

26

27

*Matsushita Electric Industrial Co., Ltd v. Epstein*
      516 U.S. 367, 372 (1996).......................................................................... 9

28

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

MOTION TO DISMISS OR TRANSFER - No. CV 08 3124 VRW

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1

## TABLE OF AUTHORITIES (cont.)

Page No.

2

3    *Nagle v. Ringling Bros. and Barnun & Bailey Combined Shows, Inc.*
       386 F. Supp. 349, 353 (S.D. Tex. 1974) ................................................................... 6

4

5    *Noerr Motor Freight, Inc. v. Easter R.R. Presidents Conference*
       13 F. Supp. 737, 745 (E.D. Pa 1953) ...................................................................... 9

6    *Norwood v. Kirkpatrick*
       349 U.S. 29 (1955).................................................................................................... 13

7

8    *Olson v. Morris*
       188 F.3d 1083, 1086 (9th Cir. 1999) ...................................................................... 9

9

10    *O'Toole v. Northrop Grumman Corp.*
       499 F.3d 1218, 1225 (10th Cir. 2007) ................................................................... 10

11    *Palomar Mobilehome Park Ass'n v. City of San Marcos*
       989 F.2d 362, 365 (9th Cir. 1993) ...................................................................... 8, 9

12

13    *Pieper Aircraft Co. v. Reyno*
       454 U.S. 235, 242 (1982) ...................................................................................... 13

14

15    *Princess Lida of Thurn and Taxis v. Thompson*
       305 U.S. 456, 466 (1938)........................................................................................ 6

16

17    *Richards v. Lloyd's of London*
       135 F.3d 1289, 1292 (9th Cir. 1998) ...................................................................... 10

18    *Roberts v. Corrothers*
       812 F.2d 1173, 1177 (9th Cir. 1987) ...................................................................... 9

19

20    *Simpson v. Federal Bureau of Prisons*
       496 F.Supp.2d 187, 193 (D.D.C. 2007)................................................................... 11

21

22    *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*
       434 F.Supp.2d 581, 583 (C.D. Ill. 2006) ............................................................... 12

23

24    *Tensor Group, Inc. v. All Press Parts & Equip., Inc.*
       966 F.Supp. 727, 730 (N.D. Ill. 1997) ................................................................... 13

25    *Turnbow v. Pacific Mut. Life Ins. Co.*
       934 F.2d 1100, 1103 (9th Cir. 1991) ...................................................................... 8

26

27    *Von Holdt v. Husky Injection Molding Svcs.*
       887 F.Supp. 185, 190 (N.D. Ill. 1995) ................................................................... 13

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

## TABLE OF AUTHORITIES (cont.)

Page No.

__STATE CASES__

*Dora v. Frontline Video, Inc.*
    5 Cal.App.4th 536 (1993) ............................................................................... 14

*Greener v. Workers' Compensation Appeals Board*
    6 Cal.4th 1028 (1993) ..................................................................................... 6

*Hand Rehabilitation Center v. Workers' Compensation Appeals Board*
    34 Cal.App.4th 1204 (1995) ......................................................................... 5, 9

*Isaacson v. California Ins. Guarantee Ass'n*
    44 Cal.3d 775, 786 (1988) .............................................................................. 2

*National Kinney of California v. Workers' Compensation Appeals Board*
    113 Cal.App.3d 203 (1980) .......................................................................... 5, 9

*Pizarro v. Superior Court of Santa Clara County*
    254 Cal.App.2d 416 (1967) ............................................................................. 6

*Rymer v. Hagler*
    211 Cal.App.3d 1171 (1989) ........................................................................ 5, 9

*Vacanti v. State Compensation Insurance Fund*
    24 Cal.4th 800 (2001) .................................................................................... 5


__FEDERAL STATUTES__

17 U.S.C. section 1729 ....................................................................................... 8
28 U.S.C. section 1391(a)(2) ............................................................................ 11
28 U.S.C. section 1391(b) ............................................................................ 4, 10
28 U.S.C. section 1404 .................................................................................. 3, 12
28 U.S.C. section 1404(a) ..................................................................... 1, 2, 12, 16
28 U.S.C. section 1406 .................................................................................. 3, 10
28 U.S.C. section 1406(a) ............................................................................... 2, 10
28 U.S.C. section 1445(c) .................................................................................. 6
28 U.S.C. section 1631 ....................................................................................... 7
28 U.S.C. section 1738 ....................................................................................... 9
38 U.S.C. section 1729 ...................................................................... 1, 3, 4, 7, 9
38 U.S.C. section 1729(a) ............................................................................... 2, 3
38 U.S.C. section 1729(i)(3) .............................................................................. 3
42 U.S.C. section 1320(d) ................................................................................ 14
Evidence Code section 201 ................................................................................ 9
Insurance Code section 1063 ............................................................................. 2
Insurance Code section 1063.1(c)(4) ................................................................ 7

MOTION TO DISMISS OR TRANSFER - No. CV 08 3124 VRW

1

**TABLE OF AUTHORITIES (cont.)**

**Page No.**

Insurance Code section 1063.14 ................................................................................................ 2
Insurance Code section 1063.1(c)(4) ....................................................................................... 2
Insurance Code section 1063.1 ............................................................................................... 2
Insurance Code section 1063.2 ............................................................................................... 2
Labor Code section 5300 ........................................................................................................ 5
Labor Code section 5950 ......................................................................................... 4, 5, 7, 9,12
Labor Code section 5955 .......................................................................................... 5, 6, 9

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b) ..................................................................................... 10
Federal Rule of Civil Procedure 12(b)(1) .......................................................................... 1, 2, 7
Federal Rule of Civil Procedure 12(b)(3) ................................................................................. 2
Federal Rule of Civil Procedure 12(e) .................................................................................... 2
Federal Rule of Civil Procedure 12(e)(6) ..............................................................................14

**STATE RULES**

California Rules of Court 8.494 ....................................................................................... 4, 7, 12

**FEDERAL REGULATIONS**

45 C.F.R. 164.512(l) ........................................................................................................ 14

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

MOTION TO DISMISS OR TRANSFER - No. CV 08 3124 VRW

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION.**

3

The United States of America on behalf of the Veteran's Administration ("VA") has

4

improperly filed this action in this District Court to pursue a reversal of a final order that has already

5

been decided <u>against it</u> by the California Workers' Compensation Appeals Board ("WCAB").  The

6

VA had filed a lien in the workers' compensation case of *Michael Margis v. State of California*

7

*Workers' Compensation Appeals Board*, Case Nos. RIV 0062230 and RIV 0063619.  The VA has

8

already asked the WCAB to determine the issue of whether it is entitled to reimbursement for

9

medical services provided to Michael Margis pursuant to 38 U.S.C. section 1729, which is the claim

10

alleged in the Complaint.  On this identical issue, the VA has already lost before the WCAB.

11

This case is nothing more than forum shopping in an attempt to obtain judicial review which

12

was also lost when the VA failed to file a Petition for Writ of Review to a California Court of

13

Appeal.  But the fact that the VA failed to pursue the proper course of judicial review does not

14

confer jurisdiction on this Court – especially where the WCAB's decision is final and binding, and

15

res judicata as to the present action.  This Court lacks subject matter jurisdiction and this case should

16

be dismissed.

17

Even if this matter were properly filed in federal court – it was not – venue is improper since

18

this case has nothing to do with the Northern District of California.  At minimum, the case should be

19

dismissed or transferred to the Central District of California, where the witnesses and documents are,

20

and where the underlying actions giving rise to this dispute occurred.

21

**II.    RELEVANT FACTS AND ALLEGATIONS.**

22

The Plaintiff is the United States of America which brings this civil action to recover the

23

costs of health care provided to Veteran "John Doe" by the United States Department of Veterans

24

Affairs Medical Center ("VAMC") in Loma Linda, California, from December 29, 2000 to the

25

present.  (Complaint at ¶ 1, Exhibit 1.)  The Complaint alleges Veteran Doe was employed by Select

26

Home Health Services ("Select") as a home service provider and became injured during his

27

employment from a dog bite in March 1991.  (Complaint at ¶ 1.)  Since the Plaintiff United States

28

Government brings this action to obtain reimbursement for services provided by the VAMC, the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

1

1    Plaintiff will also be referred to as the "VA."

2         Veteran Doe submitted a workers' compensation claim to his carrier, Superior National

3    Insurance Company ("Superior National").  Superior National became insolvent in 1992.

4    (Complaint at ¶ 1.)

5         The VA seeks to recover under 38 U.S.C. section 1729(a) the costs of medical care the

6    VAMC provided to Veteran Doe at its Loma Linda hospital in Riverside County, California, for

7    non-service-connected disability that was incurred during the veteran's employment and that is

8    covered under the veteran's workers' compensation plan.

9         CIGA is not a workers' compensation plan or carrier as held by the WCAB.  However, the

10   VA is attempting to recover from CIGA pursuant to the California Guarantee Act, Insurance Code

11   section 1063, *et seq.* (the "Guarantee Act").  Historically, when an insurer became insolvent, the

12   insured was left with whatever rights might exist against the insolvent insurer's state court

13   liquidation estate.  CIGA was created by the Legislature under the Guarantee Act to provide a means

14   for paying *some benefits but not others* to insureds.  (*Isaacson v. California Ins. Guarantee Ass'n*, 44

15   Cal.3d 775, 786 (1988) ("(CIGA) is a statutory entity that depends on the Guarantee Act for its

16   existence and for a definition of its powers, duties and protections.").)  As a creature of statute,

17   CIGA is statutorily funded by assessments imposed upon insureds as surcharges on the premiums

18   they pay to the admitted insurers that are required by law to be members of CIGA.  (Insurance Code

19   section 1063.14.)  It is hence the California insurance buying public that indirectly funds CIGA and

20   all costs and claims imposed upon it.  (*Isaacson*, 44 Cal.3d at 784.)  The scope of what the

21   Legislature has mandated that CIGA will or will not pay is hence governed by statute, principally

22   Insurance Code sections 1063.1 and 1063.2 in defining what is or is not a "covered claim" or in

23   specifying certain credits or offsets against CIGA benefits.

24        The Complaint incorrectly alleges that CIGA "succeeded to" Superior National when the

25   workers' compensation plan became insolvent.  (Complaint at ¶ 9.)  CIGA denies any obligation to

26   reimburse the VA for medical services the VAMC provided.  Insurance Code section 1063.1(c)(4)

27   excludes any obligation to the Federal Government as a "covered claim" under the Guarantee Act.

28   / / /

*(left margin)* Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1    This issue has already been litigated to finality, and decided against the VA.  The VA made

2    this same claim that CIGA is liable to reimburse the VA for services rendered to "Veteran Doe"

3    before the California Workers' Compensation Appeals Board, which was rejected.  Michael Margis

4    was the "Veteran Doe" who filed a claim with the State of California Workers' Compensation

5    Appeals Board, Case Nos. RIV 0062230 and RIV 0063619 seeking workers' compensation benefits

6    for his dog bite injury.  During the proceedings, the VA filed a lien to recover its costs in providing

7    medical services to Mr. Margis.  On September 8, 2006, Administrative Law Judge Rodney M.

8    Johnson rejected the VA's lien, on the ground that CIGA is not an insurance carrier and a covered

9    claim does not include any obligation to the Federal Government.  (9/8/06 Joint Findings and Award

10   and Judge's Opinion on Decision, Exhibit 3 at 6.)

11   The VA filed a Petition for Reconsideration on October 6, 2006, and argued that it was

12   entitled to reimbursement under 38 U.S.C. section 1729(a) – the very statute under which the VA

13   asserts jurisdiction and its rights here.  (10/6/06 Petition for Reconsideration, Exhibit 4.)  On October

14   11, 2006, Judge Johnson rescinded the Findings and Award "issued on September 11, 2006" [sic].

15   (10/11/06 Order, Exhibit 5.)  CIGA filed an Answer to the Petition for Reconsideration and disputed

16   the VA's claim under section 1729.  (11/1/06 Answer, Exhibit 6.)  The VA then filed a Response to

17   CIGA's Answer, arguing again its claimed entitlement to reimbursement under section 1729.

18   (11/29/06 VA Response to Answer, Exhibit 7.)

19   Judge Johnson requested additional points and authorities as to whether CIGA constitutes a

20   "third party" under 38 U.S.C. section 1729(i)(3).  (12/4/06 Order, Exhibit 8; Complaint at ¶ 2.)

21   CIGA filed a Supplemental Trial Brief with respect to its position that it was not a "third party"

22   under section 1729(i)(3).  (1/2/07 CIGA Supplemental Trial Brief, Exhibit 9.)  The VA also filed

23   Supplemental Points and Authorities as to the issue of whether CIGA was a "third party" under

24   section 1729(i)(3).  (1/3/07 Supplemental Brief, Exhibit 10.)

25   On February 1, 2007, Judge Johnson issued an Amended Joint Findings and Award, Notice

26   of Intention to Disapprove Stipulations and Order and an Amended Opinion on Decision dated

27   January 31, 2007 ("Amended Order"), disallowing the VA's claim against CIGA under the federal

28   statute for a second time.  (Amended Opinion on Decision, Exhibit 11 at pp. 13-15.)  The VA filed a

3

1    second Petition for Reconsideration as to the disallowance of its claim against CIGA in the

2    Amended Order and argued that it was entitled to reimbursement under the federal statute.  (2/23/07

3    Petition for Reconsideration, Exhibit 12.)  Judge Johnson on March 5, 2007 recommended that the

4    Petition for Reconsideration be denied.  (3/5/07 Recommendation, Exhibit 13 at 3.)  CIGA filed an

5    Answer to the VA's Petition for Reconsideration.  (3/8/07 Answer, Exhibit 14.)

6         The WCAB denied the Petition for Reconsideration.  (4/23/07 Denial, Exhibit 15 at 6.)  In

7    this final order, the WCAB expressly rejected the VA's claim that it was entitled to reimbursement

8    under 38 U.S.C. section 1729.  It held that the United States Code does not require CIGA to pay the

9    lien because CIGA is not within that section's definition of "third party."  (Exhibit 15 at 3-5.)  The

10   WCAB decision thus already expressly ruled upon the VA's claim for reimbursement under 38

11   U.S.C. section 1729 – and rejected it.  (Exhibit 15 at 3-5.)

12        The VA did not exercise its right of appeal, by way of filing within 45 days after the denial of

13   the Petition for Reconsideration, a Petition for Writ of Review to the California Court of Appeal.

14   (Cal. Rules of Court, Rule 8.494; Labor Code section 5950 *et seq.*; Declaration of R. Guilford at ¶

15   1.)  By operation of law, the WCAB's judicial determination became final on June 7, 2007.  (*Id.*)

16   After the time for judicial review had passed, on June 27, 2008, the VA filed its Complaint herein.

17   (Declaration of R. Guilford at ¶ 14.)  Since the WCAB's decision is final and biding, the VA's claim

18   against CIGA is barred by the doctrine of res judicata.

19        The United States District Court lacks subject matter jurisdiction as it is an improper forum

20   for handling any "appeal" of the WCAB's order which should have been made to the California

21   Court of Appeal.  Even if this matter were appropriately filed in federal court -- it was not -- venue is

22   improper.  Plaintiff alleges venue under 28 U.S.C. section 1391(b), but venue is improper since the

23   events or omissions giving rise to the claim occurred in Southern California, and CIGA's principal

24   place of business and operations is in Glendale California, making the Northern District an improper

25   venue.  This case should be dismissed.  In the alternative, the case should be transferred to the

26   Central District in which the underlying dispute arose and where CIGA principally does business.

27   / / /

28   / / /

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

4

III.    **THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION TO REVIEW A FINAL ORDER BY THE WCAB, WHICH IS RES JUDICATA.**

1.    **The District Court Lacks Jurisdiction To Review An Order Already Made Final By The WCAB.**

The California Workers' Compensation Act provides "an elaborate and complete scheme for the adjudication of claims by employees against employers arising out of the course and scope of employment." (*Rymer v. Hagler*, 211 Cal.App.3d 1171, 1177 (1989).)  The WCAB has exclusive jurisdiction both over claims by employees and over lien claims by medical providers who become parties to the WCAB proceedings.  (Labor Code section 5300; *Hand Rehabilitation Center v. Workers' Compensation Appeals Board*, 34 Cal.App.4th 1204, 1214 (1995) ("The WCAB has exclusive jurisdiction over workers' compensation medical liens. . . . It has been termed a "constitutional court" and its decisions have res judicata effect."); *Vacanti v. State Compensation Insurance Fund*, 24 Cal.4th 800, 811 (2001) (providers who treat employee injuries covered by the WCAB may file a lien claim and is a party in interest subject to due process rights and opportunity to be heard).)

Labor Code section 5950 sets forth the procedure for challenging an order by the WCAB.  It provides that any person affected by an order, decision or award of the WCAB may apply to the Supreme Court or the Court of Appeal within 45 days after the petition for reconsideration is denied. (Labor Code section 5950.)

If no appeal is filed pursuant to Labor Code section 5950 within the proscribed time frame, the right to appeal is lost and the decision of the WCAB becomes final for res judicata purposes. (Labor Code section 5950; *National Kinney of California v. Workers' Compensation Appeals Board*, 113 Cal.App.3d 203, 206 (holding the failure to fine within the 45-day period deprives the court of jurisdiction); *see also Rymer v. Hagler*, 211 Cal.App.3d 1171, 1182 (1989) (holding that failure to seek review of WCAB judge decision within the expiration of time for reconsideration made the decision final and conclusive).)  The VA's own Complaint refers to the WCAB's order as "final." (Complaint at ¶ 6 line 24.)

Labor Code section 5955 provides:  "No court of this state, except the Supreme Court and the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1    courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct or annul

2    any order, rule, decision or award of the appeals board . . . ."  The only court that could have had

3    jurisdiction to review the WCAB's order with respect to the VA's claim was a California Court of

4    Appeal.  "[O]nce the Board or the court has determined in a final order in which a judicial body the

5    jurisdiction properly lies, that decision is res judicata of the issue and is a [sic] binding on the other

6    tribunal, unless and until overturned by an appellate court."  (*Nagle v. Ringling Bros. and Barnun &*

7    *Bailey Combined Shows, Inc.*, 386 F. Supp. 349, 353 (S.D. Tex. 1974), *aff'm* 529 F.2d 1350 (5th Cir.

8    1976).)

9          No court except a California Court of Appeal has jurisdiction to challenge a final order by the

10   WCAB pursuant to Labor Code section 5955.  (*Greener v. Workers' Compensation Appeals Board*,

11   6 Cal.4th 1028 (1993), 1044; *Pizarro v. Superior Court of Santa Clara County*, 254 Cal.App.2d 416,

12   419 (1967) (holding superior courts have no jurisdiction to review or interfere with the operation of

13   any order of the Industrial Accident Commission (WCAB predecessor).)  A federal court has no

14   jurisdiction to review a matter within the exclusive jurisdiction of a state workers' compensation

15   board.  (*Dial v. Hartford Accident and Indemnity Co.*, 863 F.2d 15, 16 (5th Circuit 1989) (affirming

16   dismissal with prejudice since the workers' compensation claim was within the exclusive original

17   jurisdiction of the Mississippi Workers' Compensation Commission).)[1]  This District Court lacks

18   subject matter jurisdiction to decide an issue that has already been presented to, and finally

19   determined, before the WCAB.  (*Nagle*, 529 F.2d at 359.)

20         Even if the District Court had concurrent jurisdiction, the VA has already elected to make its

21   claim before the WCAB, and cannot change tribunals.  Even if concurrent jurisdiction existed, once

22   the WCAB action became final for res judicata purposes, the VA could not proceed with a

23   concurrent action in another forum.  (*Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456,

24   466 (1938).)  The res judicata effect of the WCAB proceedings is discussed below to demonstrate

25   lack of subject matter jurisdiction.

26         The exact issue raised in the VA's Complaint was already asserted by the VA by way of the

27
           [1] Indeed, 28 U.S.C. section 1445(c) reflects congressional concern for states' interest in
28   administering their own workers compensation schemes, and prohibits removal of civil actions in
     state court arising under the workers' compensation laws of the state.

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1   lien it filed in the workers' compensation case of *Michael Margis v. State of California Workers'*

2   *Compensation Appeals Board*, Case Nos. RIV 0062230 and RIV 0063619.  The VA has already

3   submitted to the jurisdiction of the WCAB, and lost.  (4/23/07 Denial, Exhibit 15 at 6.)  The WCAB

4   expressly rejected the VA's claim that it was entitled to reimbursement under 38 U.S.C. section

5   1729.  The WCAB held that CIGA is not a "third party" as defined by section 1729, and further held

6   that the VA's claims were not "covered claims" for which CIGA is liable since Insurance Code

7   section 1063.1(c)(4) excludes obligations to the Federal Government.  (Exhibit 15 at pp. 2-5.)  The

8   VA cannot re-package its workers' compensation lien as a federal question case and obtain another

9   determination from this District Court which has already been made final by the WCAB following

10  the VA's failure to file a timely appeal pursuant to Labor Code section 5950.

11        Jurisdiction of this matter was retained by the WCAB, where it has remained, and this Court

12  has no jurisdiction to re-litigate the WCAB's final order.  As such, the Complaint should be

13  dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

14        The Court should not transfer the action to cure the lack of jurisdiction under 28 U.S.C.

15  section 1631 since Plaintiff did not file a timely appeal in the form of a Petition for Writ of Review

16  to the California Court of Appeal as set forth in Rule 8.494 of the California Rules of Court and

17  Labor Code section 5950.  (*Danko v. Director, Office of Workers' Compensation Programs, et al.,*

18  846 F.2d 366, 369 (6th Circuit 1988).)  In *Danko*, Joseph Danko filed an application for black lung

19  benefits, which was denied.  He requested an administrative hearing, but then died.  (*Id.* at 367.)  His

20  widow filed a timely notice of appeal with the Board, and the Board affirmed the ALJ's decision.

21  (*Id.*)  Mrs. Danko filed an appeal of the Board's decision by way of a letter 67 days after the issuance

22  of the Board's decision.  (*Id.*)  The Sixth Circuit Court of Appeals ruled that the Third Circuit was

23  the proper forum for the appeal.  (*Id.* at 368.)  However, the Court of Appeals refused to transfer the

24  petition, since transfer would not be in the interest of justice because the appeal was not timely filed

25  in the first place.  (*Id.* at 368-369.)  Holding it had no jurisdiction over the appeal, the Court of

26  Appeal dismissed plaintiff's petition for review.  (*Id.* at 369.)

27        Similarly, since Plaintiff's request for review was untimely, this matter should be dismissed.

28  / / /

7

MOTION TO DISMISS OR TRANSFER - No. CV 08 3124 VRW

/ / /

**2.      The Final Order By The WCAB Is Res Judicata.**

The doctrine of "res judicata" refers to the preclusive effect of a former adjudication, and includes claim preclusion (res judicata) and issue preclusion (collateral estoppel).  (*Five Platters, Inc. v. Robi*, 838 F.2d 318, 321-322 (9th Cir. 1988).)  The preclusive effect of a state court judgment in a federal proceeding is governed by state law.  (*Allen v. McCurry*, 449 U.S. 90, 96, 101 (1980) ("Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so...."); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914-15 (9th Cir. 1993), *cert. denied,* 114 S. Ct. 2675 (1994).)

"A federal court cannot examine arguments that already have been considered and rejected by a state court."  (*Turnbow v. Pacific Mut. Life Ins. Co.*, 934 F.2d 1100, 1103 (9th Cir. 1991) ("'Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state court.'").)  "[F]ederal district courts have no authority to review final judgments of a state court even when federal constitutional principles are involved."  (*Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 365 (9th Cir. 1993) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 484-85).)  In *Palomar*, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of an action that had previously been adjudicated in state court, but dismissed on demurrer.  (*Id.* )  The Ninth Circuit held that the California courts had expressly addressed Palomar's federal constitutional claims as well as its state claims, and was afforded a full and fair opportunity to litigate.  (*Id.*)  The Ninth Circuit noted that res judicata bars re-litigation of a state court action in federal court, even where federal claims *could have been asserted* in state court, but were not.[2]  (*Palomar*, 989 F.2d at 365.)  The Ninth Circuit concluded that federal courts may not serve as appellate tribunals of state court to review alleged

_____

[2] In this case, the 17 U.S.C. section 1729 claim not only "could" have been asserted by the VA, but actually <u>was</u> asserted and specifically rejected by the WCAB.

8

MOTION TO DISMISS OR TRANSFER - No. CV 08 3124 VRW

1    errors – instead, the proper forum for review of the state court's judgment was the next court of

2    appeal (in *Palomar*, it was the United States Supreme Court). (*Id.*)

3        Instead, the Full Faith and Credit Act (the "Act") maintains that the judicial proceedings of

4    any State "shall have the full faith and credit in every court within the United States . . . as they have

5    by law or usage in the courts of such State . . . from which they are taken." (28 U.S.C. section

6    1738.) The Act "thus directs all courts to treat a state court judgment with the same respect that it

7    would receive in the courts of the rendering state." (*Matsushita Electric Industrial Co., Ltd v.

8    Epstein*, 516 U.S. 367, 372 (1996).)

9        The WCAB is deemed a "constitutional court" that renders decisions with res judicata effect.

10   (*Hand Rehabilitation Center v. Workers' Compensation Appeals Board*, 34 Cal.App.4th 1204, 1214

11   (1995).) The VA's failure to appeal the decision of the WCAB makes its decision final for res

12   judicata purposes. (*Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (where a party's failure to

13   appeal a final administrative decision makes the decision final and res judicata, a federal court may

14   not disturb the finding by way of collateral attack); *Nagle*, 529 F.2d at 353; Labor Code sections

15   5950, 5955; *National Kinney of California*, 113 Cal.App.3d at 206 (1980); *Rymer*, 211 Cal.App.3d

16   at 1182 (1989).)

17       The VA has already had the opportunity to fully litigate its claim for recovery against CIGA

18   pursuant to 38 U.S.C. section 1729 before the WCAB in *Michael Margis v. State of California

19   Workers' Compensation Appeals Board*, Case Nos. RIV 0062230 and RIV 0063619. The WCAB

20   decided against the VA. (4/23/07 Denial, Exhibit 15 at 6.) This decision was not appealed and the

21   VA cannot get a second bite at the apple through this federal court action. Since the prior decision

22   was final and res judicata, this Court has no jurisdiction as set forth above. As such, it should be

23   dismissed.[3]

---

24       [3] Extrinsic evidence is properly submitted pursuant to CIGA's motion to dismiss for lack of
     jurisdiction and lack of venue 12(b)(1) and 12(b)(3). (*Roberts v. Corrothers*, 812 F.2d 1173, 1177
25   (9th Cir. 1987) (motion to dismiss for lack of jurisdiction); *Noerr Motor Freight, Inc. v. Easter R.R.
     Presidents Conference*, 113 F. Supp. 737, 745 (E.D. Pa 1953) (motion to dismiss for improper
26   venue).) Each of the exhibits authenticated by Richard Guilford and Richard Hurd may also be
     judicially noticed by the Court, and CIGA also requests that the Court take judicial notice of the
27   exhibits. (Evid. Code § 201; *see, e.g., E.I. Dupont De Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7
     (1st Cir. 1986) (proceedings in other courts); *Duke Energy Trading and Marketing, L.L.C. v. Davis*,
28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

9

1  **IV.     VENUE IN THE NORTHERN DISTRICT OF CALIFORNIA IS IMPROPER.**

2      **1.     This Case Should Be Dismissed Or Transferred Pursuant To 28 U.S.C. Section**

3           **1406.**

4      The test for proper venue for non-diversity cases is set forth in 28 U.S.C. section 1391(b)

5  provides:

6           A civil action wherein jurisdiction is not founded solely on diversity of
           citizenship may, except as otherwise provided by law, be brought only

7           in (1) a judicial district where any defendant resides, if all defendants
           reside in the same State, (2) a judicial district in which a substantial

8           part of the events or omissions giving rise to the claim occurred, or a
           substantial part of property that is the subject of the action is situated,

9           or (3) a judicial district in which any defendant may be found, if there
           is no district in which the action may otherwise be brought.

10

11      If the Plaintiff files in a district court in which venue is improper, 28 U.S.C. section 1406

12  provides:

13           (a)  The district court of a district in which is filed a case laying venue
           in the wrong division or district shall dismiss or if it be in the interests

14           of justice, transfer such case to any district or division in which it
           could have been brought.  (28 U.S.C. section 1406(a).)

15

16      A party may assert a defense to improper venue by way of a motion to dismiss.  (Fed. R. Civ.

17  Proc., Rule 12(b); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998).)

18      Although this case should be dismissed outright, at minimum it should be transferred to the

19  Central District of California, since venue is improper in the Northern District of California.

20      CIGA, as an unincorporated association, resides in the Central District of California, as its

21  principal (indeed, only) place of business is in Glendale, California.  (*Decker Coal Co. v.*

22  *Commonwealth Edison Co.*, 805 F.2d 834, 841-42 (9th Cir. 1986).)  (Declaration of R. Hurd at ¶ 3;

23  Exhibit 16.)  CIGA's only office in the State of California is the Glendale, California office.

24  (Declaration of R. Hurd at ¶ 3.)  All of CIGA's management work out of the Glendale, California

25  office.  (Declaration of R. Hurd at ¶ 3.)  The witnesses who may be called to testify at trial reside in

26  the Central District of California.  (Declaration of R. Hurd at ¶ 3; Declaration of R. Guildford at ¶¶

27  267 F.3d 1042, 1048 n.3 (9th Cir. 2001) (documents filed in administrative proceedings); *O'Toole v.*

28  *Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (factual information found on
world wide web).)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

10

16-22.)

Additionally, a substantial part of the events or omissions giving rise to the claim occurred in the Central District of California. Mr. Margis lived and worked in the Central District of California at the time of his injury and workers' compensation claim. (Declaration of R. Guilford at ¶ 16.) The VA's medical center which provided treatment to Mr. Margis is in Loma Linda, California, which is in the Central District of California. (Declaration of R. Guilford at ¶ 16.) Mr. Margis filed his workers' compensation claim before the workers' compensation board in Riverside, California, which is in the Central District of California. (Declaration of R. Guilford at ¶ 20.) Superior National's corporate headquarters were located in Calabasas, California in the Central District of California. (Declaration of R. Guilford at ¶ 2.) The claim against CIGA was made to CIGA's office in the Central District of California, and CIGA opposed the VA's assertion that it had a valid lien right in the Central District of California. (Declaration of R. Hurd at ¶ 4.)

The only "connection" with the Northern District of California alleged in the Complaint (paragraph 6) is that the WCAB issued its order denying the Petition for Reconsideration from San Francisco. But a reviewing body's locale is irrelevant to the question of whether a "substantial part of the events or omissions giving rise to the claim occurred" within the judicial district. The WCAB's decision did not give rise to the *claim*. The WCAB is <u>not</u> a defendant. Thus, none of the relevant events occurred in the Northern District of California and venue is improper. (*Simpson v. Federal Bureau of Prisons*, 496 F.Supp.2d 187, 193 (D.D.C. 2007).)

In *Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044 (N.D. Cal. 2001) the court evaluated the meaning of "substantial part of the events or omissions giving rise to the claim" which is identical language in the test for venue for both diversity and non-diversity cases under 28 U.S.C. section 1391(a)(2) and 1391(b)(2). The court held that in an insurance coverage action, a court looks to the underlying events for which coverage is sought. (*Id.* at 1047.) The *Carolina Casualty* court considered where the agreement was entered into, where the agreement was performed, and the location of the parties. In this insurance case, the underlying agreements, performance, and actions giving rise to the claim occurred in the Central District of California. Since the WCAB's final order did not give rise to the *claim* – but rather, was a final determination of

MOTION TO DISMISS OR TRANSFER - No. CV 08 3124 VRW

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1    the claim – the place of issuance of the order is of no significance in a venue analysis.

2         Because the claim arose in the Central District of California, venue is improper in the

3    Northern District of California.  (*King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).)  Where

4    another district in the same state is the district in which the defendant's principal place of business

5    and office are located, and in which the activities concerning the underlying matter occurred, it is

6    appropriate to transfer a case to the district that is the more appropriate forum.  (*See SMS Demag*

7    *Aktiengesellschaft v. Material Sciences Corp.*, 434 F.Supp.2d 581, 583 (C.D. Ill. 2006).)

8         **2.     In The Alternative, This Case Should Be Transferred Pursuant To 28 U.S.C.**

9         **Section 1404 For The Convenience Of The Parties And Witnesses.**

10        Additionally, it is appropriate for this Court to order a change of venue to another district

11   where the action might have been brought "for the convenience of parties and witnesses, in the

12   interest of justice."  (28 U.S.C. section 1404(a).)

13        As explained above, venue is improper in the Northern District of California.  Although this

14   matter should not be in federal court at all – since what Plaintiff should have done is exhausted its

15   appeal rights by filing a Petition for Writ of Review to the California Court of Appeal (Cal. Rules of

16   Court, Rule 8.494; Labor Code section 5950 *et seq.*) – the only district in which venue *could* be

17   proper is the Central District of California, in which the claim arose and CIGA has its principal place

18   of business.

19        The Supreme Court has offered the following guidance in considering the interests of the

20   parties:

21              An interest to be considered, and the one likely to be most pressed, is
22              the private interest of the litigant.  Important considerations are the
                relative ease of access to sources of proof; availability of compulsory
23              process for attendance of unwilling, and the cost of obtaining
                attendance of willing, witnesses; . . . and all other practical problems
24              that make trial of a case easy, expeditious and inexpensive.

25   (*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).)

26        Although the decision in *Gulf Oil Corp.* was made pursuant to the common law doctrine of

27   forum non conveniens, 28 U.S.C. section 1404 vests courts with broader discretion "to grant

28   transfers upon a lesser showing of inconvenience" than is required to obtain dismissal under the

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

12

1   doctrine of forum non conveniens. (*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955).)  The Supreme

2   Court has also stated that "[t]he forum non conveniens determination is committed to the sound

3   discretion of the trial court … [and] its decision deserves substantial deference."  (*Pieper Aircraft*

4   *Co. v. Reyno*, 454 U.S. 235, 242 (1982) (holding that the district court properly determined that the

5   interests of justice favored a transfer of venue).)

6       The convenience of parties and witnesses under section 1404 is generally broken down into

7   various factors, including: (1) the plaintiff's choice of forum; (2) the location of the parties and

8   witnesses; (3) the ease of access to sources of proof; and (4) the situs of material events.  (*Von Holdt*

9   *v. Husky Injection Molding Svcs.*, 887 F.Supp. 185, 190 (N.D. Ill. 1995).)

10      While the plaintiff's choice of forum is generally given weight in deciding a motion to

11  transfer, the Supreme Court has recognized that factors may effect the weight given to the plaintiff's

12  choice of forum.  (*See, e.g., Pieper Aircraft,* 454 U.S. at 255-56 (citations omitted); *see also Forcillo*

13  *v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 553 (S.D. Ill. 2004) ("[the plaintiff] is Canadian, and in

14  either venue he would not be litigating in his home forum.").)  Moreover, "the weight given to the

15  plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the

16  operative facts giving rise to the claim."  (*Von Holdt*, 887 F.Supp. at 188; s*ee also Tensor Group,*

17  *Inc. v. All Press Parts & Equip., Inc.*, 966 F.Supp. 727, 730 (N.D. Ill. 1997) ("the deference to which

18  [plaintiff's] choice of forum is entitled is reduced by the fact that [the transferee forum] is the situs

19  of material events.").)

20      Here, the VA facility that provided the care to Mr. Margis is located in the Central District of

21  California.  CIGA's only office and principal place of business are located in the Central District of

22  California.  Prior WCAB counsel for the VA and Mr. Margis' workers' compensation counsel are

23  located in the Central District of California.  (Declaration of R. Guilford at ¶ 19.)  Since the

24  connections with the Northern District of California are weak, the weight given to Plaintiff's choice

25  of forum is weakened.  Moreover, Plaintiff chose the wrong forum entirely, as the proper forum for

26  challenging the WCAB's order was a California Court of Appeal by way of a Petition for Writ of

27  Review.  This factor alone should negate any weight given to Plaintiff's choice of forum.

28  / / /

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

13

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1       If this case remained in the Northern District, most every witnesses would have to travel over

2   400 miles to testify at trial.  Southern California witnesses should not have to be compelled to appear

3   for trial in the Northern District of California.

4       Practically, if this case remains in federal court, it should be transferred to the Central

5   District of California.  This matter has no relevant connections to the Northern District of California,

6   and instead the witnesses and documents are all located in Southern California.  This case should be

7   transferred to the Central District for the convenience of the parties and witnesses.

8   **V.     PLAINTIFF SHOULD ALLEGE A MORE DEFINITE STATEMENT IN THE**

9           **COMPLAINT TO IDENTIFY THE "JOHN DOE" WHOSE IDENTITY IS ALREADY**

10          **PUBLICLY KNOWN.**

11      It is unclear why Plaintiff opted to use a "John Doe" designation and not identify Michael

12  Margis in the Complaint.  To the extent Plaintiff had any concerns about privacy under the Health

13  Insurance Portability & Accountability Act, 1996, 42 U.S.C. section 1320(d) *et seq.* ("HIPAA"),

14  HIPAA does not apply to workers' compensation claims.  (45 C.F.R. 164.512(l).)  Moreover, even if

15  Mr. Margis had any right to privacy, he waived it when he made publicly his identity and claims

16  known when he filed a workers' compensation claim.  (*See Dora v. Frontline Video, Inc.*, 15

17  Cal.App.4th 536, 544 (1993) ("One's voluntary action in a public place waives one's right of privacy

18  as 'there can be no privacy in that which is already public.'").)  A motion for more definite statement

19  may be brought where the identity of the parties is not clearly tied to alleged conduct giving rise to

20  the complaint.  (See *Van dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (D.C. Wis.

21  1975).)  If this case is not dismissed, Plaintiff should be required to specifically identify the name of

22  the "Veteran John Doe" in the Complaint pursuant to Rule 12(e)(6) of the Federal Rules of Civil

23  Procedure.

24  **VI.     CONCLUSION**

25      The federal issue raised in the Complaint has already been fully litigated before the WCAB

26  and has become final once the VA failed to exercise its right of appeal through the California State

27  Court of Appeal.  This case should be dismissed for lack of subject matter jurisdiction due to the

28  preclusive effect of the WCAB's final order against the VA as to the merits raised in this action.

1    Alternatively, if the Court does not dismiss the action, it should require the Plaintiff to allege a more

2    definite statement regarding the identity of the "John Doe" and should transfer this matter to the

3    Central District of California, where venue is proper and more convenient for the parties and

4    witnesses.

5    Dated: August 28, 2008                          Respectfully submitted,

6                                                    LOCKE LORD BISSELL & LIDDELL LLP

7

8

9                                                    By:   /S/ CONRAD V. SISON
                                                     C. Guerry Collins
10                                                   William S. Davis
                                                     Conrad V. Sison
11                                                   Attorneys for Defendant
                                                     California Insurance Guarantee Association

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

MOTION TO DISMISS OR TRANSFER - No. CV 08 3124 VRW



Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA 90071-3119

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CV 08 3124 VRW |
| | ) | |
| Plaintiff, | ) | [Hon. Vaughn R. Walker, Courtroom 6] |
| | ) | |
| vs. | ) | **[PROPOSED] ORDER RE MOTION TO** |
| | ) | **DISMISS FOR LACK OF SUBJECT** |
| CALIFORNIA INSURANCE GUARANTEE | ) | **MATTER JURISDICTION (F.R.C.P.** |
| ASSOCIATION, | ) | **12(b)(1)) AND IMPROPER VENUE** |
| | ) | **(F.R.C.P. 12(b)(3), (28 U.S.C § 1406(a)); OR** |
| Defendant. | ) | **IN THE ALTERNATIVE TO TRANSFER** |
| | ) | **FOR CONVENIENCE (28 U.S.C §** |
| | ) | **1404(a)); MOTION FOR A MORE** |
| | ) | **DEFINITE STATEMENT (F.R.C.P.** |
| | ) | **12(e)(6)** |
| | ) | |
| | ) | |
| | ) | Date:         December 18, 2008 |
| | ) | Time:         2:30 p.m. |
| | ) | Place:        Courtroom 6 |
| | ) | |
| | ) | |
| | ) | |

Defendant California Insurance Guarantee Association's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue or in the Alternative to Transfer for Convenience; Motion for a More Definite Statement came on regularly for hearing before this Court on December 18, 2008.  The Court, having read and considered the supporting and opposing points and authorities

and having heard and considered the arguments of counsel, HEREBY ORDERS:

This United States District Court lacks subject matter jurisdiction over this action. The Workers' Compensation Appeals Board ("WCAB") has exclusive jurisdiction both over claims by employees and over lien claims by medical providers who become parties to the WCAB proceedings. (Labor Code section 5300; *Hand Rehabilitation Center v. Workers' Compensation Appeals Board*, 34 Cal.App.4th 1204, 1214 (1995) ("The WCAB has exclusive jurisdiction over workers' compensation medical liens. . . . It has been termed a "constitutional court" and its decisions have res judicata effect."); *Vacanti v. State Compensation Insurance Fund*, 24 Cal.4th 800, 811 (2001) (providers who treat employee injuries covered by the WCAB may file a lien claim and is a party in interest subject to due process rights and opportunity to be heard).)

Plaintiff United States of America on behalf of the Veteran's Administration ("VA") failed to exercise the appropriate procedures for judicial review of final orders by the WCAB pursuant to Labor Code section 5950. Since no appeal was timely made pursuant to Labor Code section 5950, the VA's right to appeal was lost and the decision of the WCAB became final for res judicata purposes. (Labor Code section 5950; *National Kinney of California v. Workers' Compensation Appeals Board*, 113 Cal.App.3d 203, 206 (holding the failure to fine within the 45-day period deprives the court of jurisdiction); *see also Rymer v. Hagler*, 211 Cal.App.3d 1171, 1182 (1989) (holding that failure to seek review of WCAB judge decision within the expiration of time for reconsideration made the decision final and conclusive).)

Labor Code section 5955 provides: "No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct or annul any order, rule, decision or award of the appeals board . . . ." The only court that could have had jurisdiction to review the WCAB's order with respect to the VA's claim was a California Court of Appeal. "[O]nce the Board or the court has determined in a final order in which a judicial body the jurisdiction properly lies, that decision is res judicata of the issue and is a [sic] binding on the other tribunal, unless and until overturned by an appellate court." (*Nagle v. Ringling Bros. and Barnun & Bailey Combined Shows, Inc.*, 386 F. Supp. 349, 353 (S.D. Tex. 1274), *aff'm* 529 F.2d 1350 (5th Cir. 1976).)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

No court except a California Court of Appeal has jurisdiction to challenge a final order by the WCAB pursuant to Labor Code section 5955. (*Greener v. Workers' Compensation Appeals Board*, 6 Cal.4th 1028 (1993), 1044; *Pizarro v. Superior Court of Santa Clara County*, 254 Cal.App.2d 416, 419 (1967) (holding superior courts have no jurisdiction to review or interfere with the operation of any order of the Industrial Accident Commission (WCAB predecessor).) A federal court has no jurisdiction to review a matter within the exclusive jurisdiction of a state workers' compensation board. (*Dial v. Hartford Accident and Indemnity Co.*, 863 F.2d 15, 16 (5th Circuit 1989) (affirming dismissal with prejudice since the workers' compensation claim was within the exclusive original jurisdiction of the Mississippi Workers' Compensation Commission).)[1] This District Court lacks subject matter jurisdiction to decide an issue that has already been presented to, and finally determined, before the WCAB. (*Nagle*, 529 F.2d at 359.)

Even if the District Court had concurrent jurisdiction, the VA has already elected to make its claim before the WCAB, and cannot change tribunals. Even if concurrent jurisdiction existed, once the WCAB action became final for res judicata purposes, the VA could not proceed with a concurrent action in another forum. (*Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1938).)

The exact issue raised in the VA's Complaint was already asserted by the VA by way of the lien it filed in the workers' compensation case of *Michael Margis v. State of California Workers' Compensation Appeals Board*, Case Nos. RIV 0062230 and RIV 0063619. The VA has already submitted to the jurisdiction of the WCAB, and lost. (4/23/07 Denial, Exhibit 15 at 6.) The WCAB expressly rejected the VA's claim that it was entitled to reimbursement under 38 U.S.C. section 1729. The WCAB held that CIGA is not a "third party" as defined by section 1729, and further held that the VA's claims were not "covered claims" for which CIGA is liable since Insurance Code section 1063.1(c)(4) excludes obligations to the Federal Government. (Exhibit 15 at pp. 2-5.) The VA cannot re-package its workers' compensation lien as a federal question case and obtain another determination from this District Court which has already been made final by the WCAB following

---

[1] Indeed, 28 U.S.C. section 1445(c) reflects congressional concern for states' interest in administering their own workers compensation schemes, and prohibits removal of civil actions in state court arising under the workers' compensation laws of the state.

1   the VA's failure to file a timely appeal pursuant to Labor Code section 5950.

2          The WCAB's order is final and binding, with res judicata effect.  The preclusive effect of a

3   state court judgment in a federal proceeding is governed by state law.  (*Allen v. McCurry*, 449 U.S.

4   90, 96, 101 (1980) ("Indeed, though the federal courts may look to the common law or to the

5   policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions

6   of other federal courts, Congress has specifically required all federal courts to give preclusive effect

7   to state-court judgments whenever the courts of the State from which the judgments emerged would

8   do so...."); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914-15 (9th Cir. 1993)*, cert.*

9   *denied,* 114 S. Ct. 2675 (1994).)

10         "A federal court cannot examine arguments that already have been considered and rejected

11  by a state court."  (*Turnbow v. Pacific Mut. Life Ins. Co.*, 934 F.2d 1100, 1103 (9th Cir. 1991)

12  ("'Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to

13  review errors allegedly committed by state court.'").)  "[F]ederal district courts have no authority to

14  review final judgments of a state court even when federal constitutional principles are involved."

15  (*Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 365 (9th Cir. 1993) (citing

16  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 484-85).)  In *Palomar*, the Ninth

17  Circuit Court of Appeals affirmed the district court's dismissal of an action that had previously been

18  adjudicated in state court, but dismissed on demurrer.  (*Id.* )  The Ninth Circuit held that the

19  California courts had expressly addressed Palomar's federal constitutional claims as well as its state

20  claims, and was afforded a full and fair opportunity to litigate.  (*Id.*)  The Ninth Circuit noted that res

21  judicata bars re-litigation of a state court action in federal court, even where federal claims *could*

22  *have been asserted* in state court, but were not.[2]  (*Palomar*, 989 F.2d at 365.)  The Ninth Circuit

23  concluded that federal courts may not serve as appellate tribunals of state court to review alleged

24  errors – instead, the proper forum for review of the state court's judgment was the next court of

25  appeal (in *Palomar*, it was the United States Supreme Court).  (*Id.*)

26  / / /

27  _____

28         [2] In this case, the 17 U.S.C. section 1729 claim not only "could" have been asserted by the
    VA, but actually <u>was</u> asserted and specifically rejected by the WCAB.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

Instead, the Full Faith and Credit Act (the "Act") maintains that the judicial proceedings of any State "shall have the full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." (28 U.S.C. section 1738.) The Act "thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." (*Matsushita Electric Industrial Co., Ltd v. Epstein*, 516 U.S. 367, 372 (1996).)

The WCAB is deemed a "constitutional court" that renders decisions with res judicata effect. (*Hand Rehabilitation Center v. Workers' Compensation Appeals Board*, 34 Cal.App.4th 1204, 1214 (1995).) The VA's failure to appeal the decision of the WCAB makes its decision final for res judicata purposes. (*Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (where a party's failure to appeal a final administrative decision makes the decision final and res judicata, a federal court may not disturb the finding by way of collateral attack); *Nagle*, 529 F.2d at 353; Labor Code sections 5950, 5955; *National Kinney of California*, 113 Cal.App.3d at 206 (1980); *Rymer*, 211 Cal.App.3d at 1182 (1989).)

The VA has already had the opportunity to fully litigate its claim for recovery against CIGA pursuant to 38 U.S.C. section 1729 before the WCAB in *Michael Margis v. State of California Workers' Compensation Appeals Board*, Case Nos. RIV 0062230 and RIV 0063619. The WCAB decided against the VA. (4/23/07 Denial, Exhibit 15 at 6.) This decision was not appealed and the VA cannot relitigate it here. Jurisdiction of this matter was retained by the WCAB, where it has remained, and this Court has no jurisdiction to re-litigate the WCAB's final order. As such, the Complaint is dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3]

---

[3] Extrinsic evidence was properly submitted pursuant to CIGA's motion to dismiss for lack of jurisdiction and lack of venue 12(b)(1) and 12(b)(3). (*Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (motion to dismiss for lack of jurisdiction); *Noerr Motor Freight, Inc. v. Easter R.R. Presidents Conference*, 113 F. Supp. 737, 745 (E.D. Pa 1953) (motion to dismiss for improper venue).) This Court also can and does take judicial notice of the exhibits authenticated by Richard Guilford and Richard Hurd. (Evid. Code § 201; *see, e.g., E.I. Dupont De Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986) (proceedings in other courts); *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1048 n.3 (9th Cir. 2001) (documents filed in administrative proceedings); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (factual information found on world wide web).)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1    This Court elects not to transfer the action to cure the lack of jurisdiction under 28 U.S.C.

2    section 1631 since Plaintiff did not file a timely appeal in the form of a Petition for Writ of Review

3    to the California Court of Appeal as set forth in Rule 8.494 of the California Rules of Court and

4    Labor Code section 5950.  (*Danko v. Director, Office of Workers' Compensation Programs, et al.*,

5    846 F.2d 366, 369 (6th Circuit 1988).)  Since Plaintiff's request for review was untimely, transfer

6    would be unnecessary.

7

8    [in the alternative:]

9

10    Venue is improper and this case is hereby dismissed [or alternatively transferred to the

11    Central District of California].

12    The test for proper venue for non-diversity cases is set forth in 28 U.S.C. section 1391(b)

13    provides:

14        A civil action wherein jurisdiction is not founded solely on diversity of
          citizenship may, except as otherwise provided by law, be brought only
15        in (1) a judicial district where any defendant resides, if all defendants
          reside in the same State, (2) a judicial district in which a substantial
16        part of the events or omissions giving rise to the claim occurred, or a
          substantial part of property that is the subject of the action is situated,
17        or (3) a judicial district in which any defendant may be found, if there
          is no district in which the action may otherwise be brought.

18

19    If the Plaintiff files in a district court in which venue is improper, 28 U.S.C. section 1406

20    provides:

21        (a)  The district court of a district in which is filed a case laying venue
          in the wrong division or district shall dismiss or if it be in the interests
22        of justice, transfer such case to any district or division in which it
          could have been brought.  (28 U.S.C. section 1406(a).)
23

24    A party may assert a defense to improper venue by way of a motion to dismiss.  (Fed. R. Civ.

25    Proc., Rule 12(b); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998).)

26    CIGA, as an unincorporated association, resides in the Central District of California, as its

27    principal place of business is in Glendale, California.  (*Decker Coal Co. v. Commonwealth Edison

28    Co.*, 805 F.2d 834, 841-42 (9th Cir. 1986).)  (Declaration of R. Hurd at ¶ 3; Exhibit 16.)  CIGA's

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1    only office in the State of California is the Glendale, California office.  (Declaration of R. Hurd at ¶

2    3.)  All of CIGA's management work out of the Glendale, California office.  (Declaration of R. Hurd

3    at ¶ 3.)  The witnesses who may be called to testify at trial reside in the Central District of California.

4    (Declaration of R. Hurd at ¶ 3; Declaration of R. Guildford at ¶¶ 16-22.)

5            Additionally, a substantial part of the events or omissions giving rise to the claim occurred in

6    the Central District of California.  Michael Margis lived and worked in the Central District of

7    California at the time of his injury and workers' compensation claim.  (Declaration of R. Guilford at

8    ¶ 16.)  The VA's medical center which provided treatment to Mr. Margis is in Loma Linda,

9    California, which is in the Central District of California.  (Declaration of R. Guilford at  ¶ 16.)  Mr.

10   Margis filed his workers' compensation claim before the workers' compensation board in Riverside,

11   California, which is in the Central District of California.  (Declaration of R. Guilford at  ¶ 20.)

12   Superior National's corporate headquarters were located in Calabasas, California in the Central

13   District of California.  (Declaration of R. Guilford at ¶ 2.)  The claim against CIGA was made to

14   CIGA's office in the Central District of California, and CIGA opposed the VA's assertion that it had

15   a valid lien right in the Central District of California.  (Declaration of R. Hurd at ¶ 4.)

16           The only "connection" with the Northern District of California alleged in the Complaint

17   (paragraph 6) is that the WCAB issued its order denying the Petition for Reconsideration from San

18   Francisco.  But a reviewing body's locale is irrelevant to the question of whether a "substantial part

19   of the events or omissions giving rise to the claim occurred" within the judicial district.  The

20   WCAB's decision did not give rise to the *claim*.  The WCAB is not a defendant.  Thus, none of the

21   relevant events occurred in the Northern District of California and venue is improper.  (*Simpson v.*

22   *Federal Bureau of Prisons*, 496 F.Supp.2d 187, 193 (D.D.C. 2007).)

23           In *Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044 (N.D. Cal. 2001)

24   the court evaluated the meaning of "substantial part of the events or omissions giving rise to the

25   claim" which is identical language in the test for venue for both diversity and non-diversity cases

26   under 28 U.S.C. section 1391(a)(2) and 1391(b)(2).  The court held that in an insurance coverage

27   action, a court looks to the underlying events for which coverage is sought.  (*Id.* at 1047.)  The

28   *Carolina Casualty* court considered where the agreement was entered into, where the agreement was

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1    performed, and the location of the parties.  In this insurance case, the underlying agreements,

2    performance, and actions giving rise to the claim occurred in the Central District of California.

3    Since the WCAB's final order did not give rise to the *claim* – but rather, was a final determination of

4    the claim – the place of issuance of the order is of no significance in a venue analysis.

5        Because the claim arose in the Central District of California, venue is improper in the

6    Northern District of California.  (*King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).)  Where

7    another district in the same state is the district in which the defendant's principal place of business

8    and office are located, and in which the activities concerning the underlying matter occurred, it is

9    appropriate to transfer a case to the district that is the more appropriate forum.  (*See SMS Demag*

10   *Aktiengesellschaft v. Material Sciences Corp.*, 434 F.Supp.2d 581, 583 (C.D. Ill. 2006).)

11       In addition, this Court finds that transfer to the Central District of California is appropriate

12   pursuant to 28 U.S.C. section 1404(a).  It is appropriate for this Court to order a change of venue to

13   another district where the action might have been brought "for the convenience of parties and

14   witnesses, in the interest of justice."  (28 U.S.C. section 1404(a).)

15       The Supreme Court has offered the following guidance in considering the interests of the

16   parties:

17          An interest to be considered, and the one likely to be most pressed, is
            the private interest of the litigant.  Important considerations are the
18          relative ease of access to sources of proof; availability of compulsory
            process for attendance of unwilling, and the cost of obtaining
19          attendance of willing, witnesses; . . . and all other practical problems
            that make trial of a case easy, expeditious and inexpensive.
20

21   (*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).)

22       Although the decision in *Gulf Oil Corp.* was made pursuant to the common law doctrine of

23   forum non conveniens, 28 U.S.C. section 1404 vests courts with broader discretion "to grant

24   transfers upon a lesser showing of inconvenience" than is required to obtain dismissal under the

25   doctrine of forum non conveniens.  (*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955).)  The Supreme

26   Court has also stated that "[t]he forum non conveniens determination is committed to the sound

27   discretion of the trial court … [and] its decision deserves substantial deference."  (*Pieper Aircraft*

28   *Co. v. Reyno*, 454 U.S. 235, 242 (1982) (holding that the district court properly determined that the

**Locke Lord Bissell & Liddell LLP**
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1    interests of justice favored a transfer of venue).)

2         The convenience of parties and witnesses under section 1404 is generally broken down into

3    various factors, including: (1) the plaintiff's choice of forum; (2) the location of the parties and

4    witnesses; (3) the ease of access to sources of proof; and (4) the situs of material events.  (*Von Holdt*

5    *v. Husky Injection Molding Svcs.*, 887 F.Supp. 185, 190 (N.D. Ill. 1995).)

6         While the plaintiff's choice of forum is generally given weight in deciding a motion to

7    transfer, the Supreme Court has recognized that factors may effect the weight given to the plaintiff's

8    choice of forum.  (*See, e.g., Pieper Aircraft,* 454 U.S. at 255-56 (citations omitted); *see also Forcillo*

9    *v. LeMond Fitness, Inc.*, 220 F.R.D. 550, 553 (S.D. Ill. 2004) ("[the plaintiff] is Canadian, and in

10   either venue he would not be litigating in his home forum.").)  Moreover, "the weight given to the

11   plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the

12   operative facts giving rise to the claim."  (*Von Holdt*, 887 F.Supp. at 188; s*ee also Tensor Group,*

13   *Inc. v. All Press Parts & Equip., Inc.*, 966 F.Supp. 727, 730 (N.D. Ill. 1997) ("the deference to which

14   [plaintiff's] choice of forum is entitled is reduced by the fact that [the transferee forum] is the situs

15   of material events.").)

16        Here, the VA facility that provided the care to Mr. Margis is located in the Central District of

17   California.  CIGA's only office and principal place of business are located in the Central District of

18   California.  Prior WCAB counsel for the VA and Mr. Margis' workers' compensation counsel are

19   located in the Central District of California.  (Declaration of R. Guilford at ¶ 19.)  Since the

20   connections with the Northern District of California are weak, the weight given to Plaintiff's choice

21   of forum is weakened.  If this case remained in the Northern District, most every witnesses would

22   have to travel over 400 miles to testify at trial.  Southern California witnesses should not have to be

23   compelled to appear for trial in the Northern District of California.

24        Additionally, CIGA's motion for a more definite statement pursuant to Rule 12(e)(6) of the

25   Federal Rules of Civil Procedure is granted.  Mr. Margis did not have a privacy right under the

26   Health Insurance Portability & Accountability Act, 1996, 42 U.S.C. section 1320(d) *et seq.*

27   ("HIPAA"), as HIPAA does not apply to workers' compensation claims.  (45 C.F.R. 164.512(l).)

28   Moreover, even if Mr. Margis had any right to privacy, he waived it when he made publicly his

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

identity and claims known when he filed a workers' compensation claim. (*See Dora v. Frontline Video, Inc.*, 15 Cal.App.4th 536, 544 (1993) ("One's voluntary action in a public place waives one's right of privacy as 'there can be no privacy in that which is already public.'").) CIGA's motion for more definite statement is proper since the identity of the parties is not clearly tied to alleged conduct giving rise to the complaint. (See *Van dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (D.C. Wis. 1975).) Plaintiff is ordered to eliminate the "John Doe" allegations and identify the name of the "Veteran John Doe" in the Complaint pursuant to Rule 12(e)(6) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that:

(1)  CIGA's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that this Court lacks subject matter jurisdiction is granted and this matter is dismissed.

[In the alternative:]

(2)  CIGA's Motion to Dismiss or Transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. section 1406(a) on the ground that the venue is improper is granted, and this matter is dismissed.

[In the alternative:]

(3)  CIGA's Motion to Dismiss or Transfer pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. section 1406(a) on the ground that the venue is improper is granted, and this matter is transferred to the Central District of California, effective ten (10) days from this Order.

[In the alternative:]

(4)  CIGA's Motion to transfer this action to the Central District of California for convenience of parties and witnesses pursuant to 28 U.S.C. section 1404(a) is granted, and this matter is transferred to the Central District of California, effective ten (10) days from this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Eighth Floor
Los Angeles, CA, 90071-3119

1        (5)  CIGA's Motion for a more definite statement pursuant to Federal Rule of Civil

2    Procedure 12(e) is granted.  Plaintiff is ordered to eliminate the "John Doe" allegations and identify

3    the "John Doe" by name.

4

5    Dated:  _____, 2008

6

7                                                     _____

8                                                     Chief Judge Vaughn R. Walker
                                                      Judge of the United States District Court,
9                                                     Northern District

10   Submitted by:                                    **LOCKE LORD BISSELL & LIDDELL LLP**

11                                                     C. Guerry Collins (117197)
                                                      gcollins@lockelord.com
12                                                    William S. Davis (60939)
                                                      wdavis@lockelord.com
13                                                    Conrad V. Sison (217197)
                                                      csison@lockelord.com
14                                                    300 South Grand, Suite 800
                                                      Los Angeles, CA  90071-3119
15                                                    Telephone:  213.485.1500
                                                      Fax:  213.485.1200
16

17                                                    Attorneys for Defendant
                                                      California Insurance Guarantee Association
18

19

20

21

22

23

24

25

26

27

28

**Locke Lord Bissell & Liddell LLP**
**300 South Grand Avenue, Eighth Floor**
**Los Angeles, CA, 90071-3119**